PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD MANSFIELD, | ) | CASE NO. 1:09CV0082 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| KEITH SMITH, Warden, | ) | MAGISTRATE JUDGE |
| | ) | BENITA Y. PEARSON |
| | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |

Before the Court, is the petition of Richard Mansfield (also "Petitioner") seeking a writ of habeas corpus pursuant to Title 28 U.S.C. § 2254.  This Report and Recommendation is written in response to a *pro se* petition.  ECF No. 1.

Mansfield is currently serving an aggregate sentence of fourteen years incarceration imposed following his January 30, 2006, convictions pursuant to pleas of no contest to two counts of rape, one count of unlawful sexual conduct involving a minor, and fifteen counts of pandering sexually oriented matter involving a minor.  ECF No. 10-4, Ex. 23.

In his federal habeas petition, Mansfield raises five grounds for relief challenging: (1) the trial court's denial of his motion to suppress evidence obtained during a search and seizure; (2) the trial court's denial of his motion to suppress a pre-trial statement he provided, (3) the trial court's refusal to permit the testimony of his expert witness, (4) his sentence; and (5) the effectiveness of the representation of appellate counsel.  ECF No. 1.  Respondent asserts that Mansfield's first four grounds for relief are subject to dismissal due to procedural default, and

(1:09CV0082)

that the remaining ground for relief is without merit and should be denied on that basis.  ECF No. 10.

## I. **Factual and Procedural Background**

The State appellate court's factual findings shall be presumed correct; a petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).   The Medina County Court of Appeals, Ninth Appellate District, found the facts of the underlying offenses to be as follows, in pertinent part:

> On February 2, 2005, the Medina County Grand Jury indicted Defendant on one count of pandering sexually oriented matter involving a minor (F-4), in violation of R.C. 2907.322(A)(5); two counts of rape with a victim under the age of 13 years (F-1), in violation of R.C. 2907.02(A)(1)(b); one count of unlawful conduct with a minor (F-3), in violation of R.C. 2907.04(A)(B)(3); and 16 counts of pandering sexually oriented matter (F-2), in violation of filed, ut was later dismissed as being duplicative.  After several unsuccessful defense motions, including motions to suppress and motions to dismiss, Defendant pled no contest to the indictment and was sentenced to 14 years in prison.  Defendant timely appealed his conviction and sentence, raising nine assignments of error for review.

ECF No. 10-4, Ex. 28.

In his timely filed direct appeal of his convictions,[1] Mansfield raised the following nine assignments of error:

> I.      The trial court improperly denied the motion to suppress the admission of evidence obtained through search warrant on residence because search warrant as demonstrated at hearing was unsupported by probable cause and obtained items not specified or connected to a criminal nexus; and improperly denied suppression of computer cd that was read and obtained from appellant's residence as there was no proper search warrant authorizing same absent a proper search warrant.

> II.     The trial court improperly denied the motion to suppress the e-mail dated January 12, 2005, between 11:56 a.m. and 12:35 p.m. as well as to dismiss counts 5 through 21 of the indictment.

---

[1]     On appeal, Mansfield was represented by the same attorney who represented him at trial.

2

(1:09CV0082)

     III.     The trial court improperly denied the motion to dismiss the oral statements given by defendant in the captioned matter as defendant was not properly advised of his *Miranda* rights nor did he waive the *Miranda* rights.

     IV.     The trial court improperly denied the defendant's motion to suppress the evidence obtained from the computer pursuant to search warrant as the search warrant was not signed by the affiant, Detective Foraker.

     V.     The trial court erred because it denied the motion to dismiss due to the government's actions and position against proposed expert Dean Boland and their current position on his testimony in court.

     VI.     The trial court improperly denied the defense's effort to establish Dean Boland as an expert in the captioned matter because the charge warrants an expert to establish if or not the State can prove the necessary element of the child being actual children in pornography.

     VII.     The trial court improperly denied the motion to dismiss the indictments against Appellant regarding the alleged pornographic computer video streams concerning minor evidence against Appellant as he was unable to determine the actual video streams contained actual minors.

     VIII.     The trial court erred because it failed to stay the proceedings or grant the continuance of defense or granting the defendant's request for a dismissal in the captioned matter because a case of similar kinds of images, was stayed in this court, by the prosecutors office, because a decision had been issued out of a different jurisdiction that concerned child pornography questions involving children and establishing that children were actual children on the videos which was appealed to the Ohio Supreme Court, and this prosecutors office in that case asked that the case be stayed pending resolution of that sister appellate district case's resolutions in the Ohio Supreme Court.

     IX.     The trial court improperly sentenced appellant to fourteen (14) years because that sentence violated the mandates of *State v. Foster*, as the sentence relies upon R.C. 2929.14(E)(4), the requisite factual findings for consecutive sentences have been deemed unconstitutional.

ECF 10-4, Ex. 26.  On January 29, 2007, the appellate court affirmed Mansfield's convictions.

ECF 10-4, Ex. 28.

(1:09CV0082)

On March 15, 2007, Mansfield timely appealed that ruling to the Ohio Supreme Court, alleging three propositions of law:

> **Proposition of Law No. I:** A trial court that imposes a sentence by using factors which are not found by a jury or admitted by the defendant violates that defendant's rights to due process and a jury trial under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.
>
> **Proposition of Law No. II:** A defendant is denied effective assistance of trial counsel when trial counsel fails to raise an adequate objection to the imposition of an illegal sentence, thus abrogating that defendant's right to properly raise that issue on appeal.
>
> **Proposition of Law No. III:** An appellant is denied effective assistance of appellate counsel when the appellant has the same counsel for trial and on appeal, thereby precluding the appellant from raising meritorious arguments on appeal.

ECF 10-4, Ex. 30.  On June 20, 2007, the Supreme Court of Ohio accepted only Proposition of Law No. I  for discretionary review, and held in abeyance its decision on that issue pending the outcome of another case pending before the Supreme Court of Ohio.  *State v. Payne*, Ninth Appellate District Case No. 05AP-517, 2006 Ohio 2552 (Franklin Cnty. 2006).  ECF 10-1.  After a decision was issued in *State v. Payne*, 114 Ohio St.3d 502, 873 N.E.2d 306 (2007), the Supreme Court of Ohio affirmed the court of appeals decision on Proposition of Law No. I in this case.  ECF 10-2.  No further appeal was taken.

On December 30, 2008, Petitioner filed this petition for writ of habeas corpus challenging his convictions alleging the following five claims for relief:

> A.  **GROUND ONE:** Illegal search and seizure in violation of the Fourth Amendment.
>
> B.  **GROUND TWO:** The defendant's right to remain silent, right to counsel and *Miranda* rights were violated when he did not give a voluntary, knowing statement after being informed of his rights mentioned above.
>
> C.  **GROUND THREE:** Petitioner denied due process-fair trial.
>
> D.  **GROUND FOUR:** Petitioner was sentenced with the trial court making findings of fact that increased his sentence beyond that

4

(1:09CV0082)

authorized by statutory maximum, when the facts were not admitted to by the defendant, nor were they included within the indictment, and not left to a jury, violating the petitioner's right to a jury, 5, 6, 14 Amendment violation.

E.     **GROUND FIVE:** Petitioner was denied effective assistance of appellate counsel when counsel failed to raise as assignment of error ineffective assistance of trial counsel for failing to object to impermissible fact finding.

## II.  Discussion

To permit federal judicial resources to focus on only the most compelling cases, a petitioner must successfully pass through several procedural gateways to qualify for federal review.  Those gateways and their application to the instant petition are provided below.

### A.  Jurisdiction

Writs of habeas corpus may be granted by a district court within its respective jurisdiction:

Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d).

Mansfield was convicted in the Court of Common Pleas, Medina County, Ohio within the Northern District of Ohio and remains incarcerated.[2]  The Court, therefore, has jurisdiction over Mansfield's petition.

### B.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations period for federal habeas petitions filed by prisoners challenging state-court convictions after its April 24, 1996, effective date.  28 U.S.C. § 2244(d); *McCray v.*

---

[2]     *See* http://www.drc.ohio.gov/ (website of the Ohio Department of Rehabilitation and Correction for current status of and basis for Mansfield's incarceration).

(1:09CV0082)

*Vasbinder,* 499 F.3d 568, 571 (6th Cir.2007).  The provisions of the AEDPA are controlling herein as the instant petition was filed after the Act's effective date.  *Lindh v. Murphy,* 521 U.S. 320, 322 (1997).  Mansfield's petition was timely filed in accordance with 28 U.S.C. §2244(d).

### C.  Procedural Default

In the instant case, Respondent asserts that Petitioner's first four grounds for relief are procedurally defaulted.  ECF No. 15.  In support of its position, Respondent relies on (1) Petitioner's failure to present Grounds One and Two to the Supreme Court of Ohio and (2) the Ninth Appellate District Court of Appeals finding of procedural default relative to Grounds Three and Four.  Respondent further argues that Ground Four was defaulted "when the Ohio Supreme Court enforced the procedural waiver that occurred at the trial court level."  Mansfield disagrees, arguing that the State appellate court's ruling that issues were barred by *res judicata* was incorrect.[3]

Before filing a petition for a federal writ of habeas corpus, the petitioner must have exercised all available State remedies, through a motion or petition for review by the State's highest court, by which he may seek relief based upon an alleged violation of constitutional rights.  *Granberry v. Greer*, 481 U.S. 129, 133 (1987).  This requirement, although not of a jurisdictional nature, is based upon issues of comity, allowing the State the opportunity to correct any constitutional violation that may have occurred in its courts, as well as creating a complete record for review should the case eventually be heard in federal habeas corpus proceeding *Hafley v. Sowders*, 902 F.2d 480, 482 (6th Cir. 1990).

A petitioner must have fairly presented his constitutional claims to the highest State court in a federal constitutional context.  *See Picard v. Conner*, 404 U.S. 270, 275-78 (1971).  Reasons

---

[3]  Petitioner also argues that Ground Five was not procedurally defaulted, but Respondent did not seek dismissal of Ground Five due to procedural default so the undersigned does not discuss that objection.

(1:09CV0082)

of federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . . not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

A claim is deemed exhausted even if it has not been presented to the State's highest court when the petitioner is foreclosed from raising it in that forum either because the time for filing has expired or the petitioner is otherwise procedurally precluded from raising it.  A default occurs in the State courts if the last State court rendering a decision makes a plain statement of such State procedural default.  *Harris v. Reed*, 489 U.S. 255 (1989).  When a petitioner fails to appeal a claim to a State's highest court and when the opportunity to do so is lost, the petitioner is said to have procedurally defaulted the claim and must prove cause and prejudice for such default. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In order for the Court to excuse procedural default, a petitioner must demonstrate either: (a) "cause" excusing the noncompliance and "prejudice" resulting from the constitutional error; or (b) a finding that failure to consider the claim will result in a fundamental miscarriage of justice.  *See Rust v. Zent*, 17 F.3d 155, 159-60 (6th Cir. 1994)  Demonstrating a fundamental miscarriage of justice generally requires a claim of actual innocence.  *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991)

In the present case, Mansfield raised the issues articulated in Grounds One and Two on direct appeal to the Ninth Appellate District as his first four assignments of error.  On appeal, the State appellate court affirmed Mansfield's convictions.  After that ruling, Mansfield did not, present these issues to the Supreme Court of Ohio, and, consequently, the doctrine of *res judicata* barred Mansfield from pursuing relief.[4]  *State v. Perry*, 10 Ohio St.2d 175, 226 (1967).

Moreover, Mansfield has not overcome the burdens required to excuse procedural default.

---

[4]  Under a longstanding Ohio procedural rule, a claim that could have been but was not raised on direct appeal is barred from being raised in a delayed appeal or in a petition for post-conviction relief.  *See Collins v. Perini*, 594 F.2d 592, 593 (6th Cir. 1978).

(1:09CV0082)

Mansfield has failed to argue either cause[5] or prejudice for this procedural default. Additionally Mansfield is unsuccessful in demonstrating that failure to consider his claims will result in a fundamental miscarriage of justice.  The record does not reflect that Mansfield argued that he is innocent, nor does he provide the Court with any new reliable evidence to support a claim of innocence.  *See* *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (stating that "without any new evidence of innocence, even the existence of a conceitedly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of the bar claim").  Since Mansfield has failed to demonstrate cause or prejudice for this procedural default, or evidence of a miscarriage of justice, his first and second claims for relief are procedurally defaulted and subject to dismissal.

The Sixth Circuit, in *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986), delineated a four-part approach for determining whether a habeas corpus petitioner's ground for relief is barred by the failure to observe a State procedural rule.  First, the district court must determine whether a State procedural rule exists and if the petitioner failed to comply with the State rule.  Then, the court must determine whether the State court enforced a sanction for failure to comply.  If these precursors apply, the court must then decide whether failure to comply with the State procedural rule constitutes an adequate and independent ground for barring federal review.  If all these questions are all answered in the affirmative, the petitioner must satisfy the "cause and prejudice" analysis set forth in *Wainwright*, 433 U.S. at 138.

Relative to Ground Three, Mansfield alleges that he was denied his due process right to a fair trial because the trial court prematurely determined that Mansfield's expert witness was unqualified.  ECF No.1 at 8-9.  "Cases in [the Supreme] Court have long proceeded on the

---

[5]    In construing the facts in the light most favorable to Mansfield, to the extent that the petition can be construed as asserting ineffective assistance of appellate counsel as cause for the procedural default, this claim fails because there was no ineffective assistance of appellate counsel.  *See* discussion in § D, infra.

8

(1:09CV0082)

premise that the Due Process Clause guarantees the fundamental elements of fairness in a criminal trial." *Frazier v. Huffman*, 343 F.3d 780, 789 (6th Cir. 2003) (citing *Spencer v. Texas*, 385 U.S. 554, 563-64 (1967)).

Mansfield failed to comply with the relevant State procedural rule. Under Ohio law, most errors and defects in a criminal proceeding may be challenged on appeal. *Freeman v. Maxwell*, 4 Ohio St. 2d 4, 6 (1966). It is well established that an error in sentencing is reviewable on appeal to the State court. *Walker v. Maxwell*, 1 Ohio St. 2d 136, 138 (1965). Pursuant to Crim.R. 12(I), the plea of no contest[6] does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion. *Nelson v. Eberlin*, 2005 WL 1802261 at *3 (N.D. Ohio 2005); *see also State v. Luna*, 2 Ohio St.3d 57 (1982) (finding that a plea of no contest pursuant to a negotiated plea agreement did not constitute waiver of a defendant's right, under Crim.R. 12, to appeal a trial court's rulings on pretrial motions).

The doctrine of *res judicata* has been consistently applied by Ohio State courts to bar consideration of federal claims that were not timely asserted in State court proceedings. *Morales v. Coyle*, 98 F. Supp. 2d 849, 860-61 (N.D. Ohio 2000). Further, this State procedural bar has routinely been observed by federal courts reviewing habeas corpus petitions and is generally deemed an independent and adequate State ground foreclosing federal habeas review. *Byrd v. Collins*, 209 F.3d 486, 521 (6th Cir. 2000).

Under the doctrine of *res judicata*, a final judgment of conviction bars the petitioner from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial that resulted in that judgment of conviction or on an appeal from that judgment. *State v. Sawyer*,

---

[6]     Mansfield's pleas of "no contest" permitted him to avoid expressly admitting guilt of the pending charge while admitting the truth of the facts alleged, waiving the right to a trial, and entrusting the court, for the purposes of that criminal proceeding, to treat him as if he were guilty. *North Carolina v. Alford*, 400 U.S. 25, 35 (1970).

9

(1:09CV0082)

2009 WL 1424109 at *3 (Ohio App. 2009) (citing *State v. Perry*, 10 Ohio St.2d 175, 180 (1967)).  The doctrine of *res judicata* excludes subsequent actions or post-conviction petitions involving the same legal theory of recovery as the previous action or petition as well as claims which could have been presented in the first action or post-conviction petition.  *Sawyer*, 2009 WL 1424109 at *3 (citing *State v. Cole*, 2 Ohio St.3d 112 (1982)).  Such a mandate prevents repeated attacks on a final judgment.  Sawyer, 2009 WL 1424109 at *3 (citing *State v. Brown*, 2004 WL 2756273 at *5 (Ohio App. 2004)).

In the present action, there is a firmly established State procedural rule that claims must be raised on direct appeal if possible; otherwise, *res judicata* bars their litigation in subsequent State proceedings.  *Durr v. Mitchell*, 487 F. 3d 423, 432 (6th Cir. 2007).  The State appellate court explained that "the trial court's ruling as to the admissibility of Mr. Boland's testimony was not a proper subject for a pretrial motion within the meaning of Crim. R. 12(B) 'and therefore, was not *saved for review* on appeal by Rule 12[I] of the Ohio Rules of Criminal Procedure.'"  ECF 10-4, Ex. 28. (emphasis added).  Nonetheless, a petitioner's un-preserved claim remains subject to *res judicata*.  When ruling upon a similar claim, the Ohio Court of Appeals discussed and held the following:

> [Petitioner,] Rutledge[,] responded that *res judicata* did not apply to his claims
> because, pursuant to Crim.R. 12[I], his defense counsel had not preserved the
> issue of the constitutionality of Deputy Spears' identification for us to determine
> on Rutledge's direct appeal. The trial court concluded that Rutledge's claims . . .
> should have been brought on direct appeal from his conviction and thus, were
> barred by the doctrine of *res judicata*.

State v. Rutledge, 1998 WL 350870 at *6 (Ohio App. 1998).  On direct appeal, Mansfield did not avail himself of the State procedural proceedings designed to address his claim for denial of a fair trial. Ohio's *res judicata* rule prevents Mansfield from litigating, post-conviction, his claim

10

(1:09CV0082)

that was not litigated on direct appeal.

Pursuant to the four-part test delineated in *Maupin*, the Court finds that *res judicata* barred Mansfield from pursuing Ground Three in State court.  And, because Ohio's doctrine of *res judicata* is an adequate and independent State ground which can foreclose review of a federal constitutional claim, the Court deems Ground Three to be procedurally defaulted.  *See Zent*, 17 F.3d at 160 (finding that *res judicata* is an adequate and independent basis for State court's  to foreclose review).

Furthermore, this Court does not recommend excusing this procedural default as Mansfield is unable to satisfy the last prong of the *Maupin* Test.  He has not demonstrated either cause or prejudice for his procedural default.  *See Maupin*, F.2d at 135.  Additionally, he has not provided evidence that the procedural default must be excused to avoid a miscarriage of justice. *See Schlup*, 513 U.S. at 324.

In Ground Four, Mansfield argues, as he did to the Ninth Appellate District Court of Appeals, that he was improperly sentenced by the trial court to consecutive sentences based upon factual findings made by the court, as opposed to a jury.  The Ninth District rejected Mansfield's arguments, and held that Mansfield "failed to preserve his constitutional challenge for appeal[,]" by objecting to the constitutionality of his sentence during the sentencing proceedings.  Although this issue was raised on appeal to the Supreme Court of Ohio, and that Court accepted the issue for review pending the outcome of *State v. Payne*, 114 Ohio St.3d 502 (2007), the Supreme Court of Ohio ultimately affirmed the court of appeals decision on this issue.  Applying the *Maupin* factors, Mansfield's failure to comply with Ohio's contemporaneous objection rule rendered the claim procedurally defaulted.  *State v. Campbell*, 69 Ohio St.3d 38, 630 (1994). The State appellate court and the Supreme Court of Ohio enforced the sanction for failure to comply, and such failure to comply constitutes an adequate and independent ground for barring federal review. *Carter v. Mitchell*, 443 F.3d 517, 538 (6th Cir. 2006) *cert denied*, 127 S.Ct. 955

11

(1:09CV0082)

(2007); *White v. Mitchell*, 431 F.3d 517, 525 (6th Cir. 2005).  The *Maupin* factors having been

satisfied, Mansfield's fourth claim for relief has been procedurally defaulted, as there has not

been a showing of cause and prejudice directed to this claim.

As a consequence of the foregoing, Mansfield's first through fourth claims for relief have

been procedurally defaulted and should be dismissed.

### D.  **Merits Review**

In Ground Five, Mansfield argues that he was denied the effective assistance of appellate

counsel by reason of counsel's failure to assert on direct appeal that he had provided ineffective

assistance during his representation of Mansfield in the trial court proceedings and failed to

assert a *Blakely*[7] challenge to his non-minimum, consecutive terms sentence.

When a State court has chosen not to adjudicate the merits of a claim presented to it, the

issue must be reviewed *de novo* by a federal court in habeas corpus proceedings.  *Burton v.

Renico*, 391 F.3d 764, 770 (6th Cir. 2004).  Although Mansfield raised the issue of ineffective

assistance of appellate counsel on appeal to the Supreme Court of Ohio, that Court accepted the

case for review only as to Proposition of Law No. 1[8], and declined to adjudicate the merits of this

issue, calling for *de novo* review in these proceedings.

---

[7]  *Blakely v. Washington*, 542 U.S. 296 (2004).  In *Blakely*, the Court held that violations of the
Sixth Amendment to the United States Constitution could be avoided if "[o]ther than the fact
of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed
statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  *Id.*
at 301 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).  Although the *Blakely*
case limited the authority of the trial judge to impose sentences in excess of the maximum
provided by law, the authority of a sentencing judge to impose a sentence within the
prescribed statutory range for a particular offense was not  limited in the same way.

[8]  Petitioner's Proposition of Law No. 1 stated:
> A trial court that imposes a sentence by using factors which are not found by a
> jury or admitted by the defendant violates that defendant's rights to due process
> and a jury trial under the Fifth, Sixth, and Fourteenth Amendments to the United
> States Constitution.

(1:09CV0082)

A petitioner claiming ineffective assistance of counsel must demonstrate that counsel's conduct was so far below acceptable standards of representation that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment to the United States Constitution, and that such deficient performance prejudiced the defense as to render the proceedings unfair. *Strickland v. Washington*, 466 U.S. 668 (1984); *see also United States v. Bavers*, 787 F.2d 1022 (6th Cir. 1985). Disagreement by a defendant with tactics or strategy will not support a claim of ineffective assistance, and a petitioner in a federal habeas corpus proceeding must overcome a presumption that challenged conduct of counsel was a matter of strategy. *Strickland,* 466 U.S. at 89.

The Sixth Amendment right to effective assistance of counsel extends to appellate counsel on direct appeal of a criminal conviction. *Evitts v. Lucey*, 469 U.S. 387 (1985). The Sixth Circuit Court of Appeals has held that:

> In order to succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show errors so serious that counsel was scarcely functioning as counsel at all and that those errors undermine the reliability of the defendant's convictions. Strategic choices by counsel, while not necessarily those a federal judge in hindsight might make, do not rise to the level of a Sixth Amendment violation.

*McMeans v. Brigano*, 228 F.3d 674, 682 (6th Cir. 2000), *cert. denied*, 532 U.S. 958 (2001) (citations omitted.). The failure of appellate counsel to assert claims on appeal cannot rise to the level of denial of a constitutional right unless such failure was so ill-advised as to have caused petitioner to effectively have been without counsel. *Burton v. Renico*, 391 F.3d 764 (6th Cir. 2004). If the unasserted claims are without merit, appellate counsel's failure to raise them will not establish such a showing even if the unasserted claims are deemed not to have been frivolous,. *Id*.

The underlying premise of Mansfield's claim of ineffective assistance of appellate counsel is failure to raise the issue of ineffective assistance of trial counsel as a consequence of trial counsel's failure to object to the sentence imposed upon him by the trial court judge. Mansfield claims the trial court judge violated his rights of due process and a jury trial under the Fifth, Sixth,

13

(1:09CV0082)

and Fourteenth Amendments to the United States Constitution by "engag[ing] in unconstitutional judicial factfinding to justify non-minimum, consecutive prison terms." ECF 10-4, Ex. 30.

Judicial factfinding in order to impose non-minimum, consecutive sentences has been found by the United States Supreme Court *not* to violate the Fifth or Sixth Amendments to the United States Constitution. *Oregon v. Ice*, 555 U.S. 160 (2009). That being so, the underlying premise of Mansfield's claim of ineffective assistance of appellate counsel is negated, making it such that Mansfield cannot demonstrate prejudice resulting from appellate counsel's failure to raise his ineffective assistance of trial counsel claims on direct appeal. Absent a showing of prejudice attendant to the challenged conduct of counsel, a petitioner in habeas corpus proceeding cannot prevail. *Strickland,* 466 U.S. at 693.

Respondent argues that Ground Five fails on the merits because Mansfield has admitted that "Counsel cannot be expected to argue his own ineffective representation." ECF No. 15 at 8. In support of the foregoing, Respondent cites to *State v. Cole*, 2 Ohio St.3d 112 (1982), for the purpose of illustrating that the Ohio Supreme Court relied on *State v. Carter*, 36 Ohio Misc. 170, 304 N.E.2d 415 (1973) for the proposition that where a criminal defendant is represented by the same counsel at trial and on appeal, appellate counsel is not required to argue his or her own ineffectiveness on appeal.[9] That being the case, the failure of appellate counsel to raise an allegation that his or her representation in the trial court constituted ineffective assistance would not satisfy the *Strickland* standard if those claims are without merit. As a consequence of the foregoing, Mansfield's fifth ground for relief is without merit.

Mansfield has not presented a claim of constitutional violation requiring further proceedings prior to disposition on the merits.

---

[9] Mansfield acknowledges this point but maintains that the error "cannot be ignored." ECF No. 15 at 6.

(1:09CV0082)

## IV.  **Conclusion and Recommendation**

For the foregoing reasons, the undersigned Magistrate Judge recommends denying each

ground for relief and dismissing the habeas corpus petition of Richard Mansfield in its entirety

without further proceedings and with prejudice.


December 2, 2010                                         s/ *Benita Y. Pearson*
Date                                                     United States Magistrate Judge


## **OBJECTIONS**

Objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also* Thomas v. Arn, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).