# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| RICHARD MANSFIELD, | ) CASE NO. 1:09 CV 82 |
| Petitioner, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| KEITH SMITH, Warden, | ) Magistrate Judge Benita Y. Pearson |
| Respondent. | ) **MEMORANDUM OPINION** |

This matter is before the Court on the Report and Recommendation issued by Magistrate Judge Benita Y. Pearson (Docket #16). The Magistrate Judge recommends that the Petition for Writ of Habeas Corpus filed by Petitioner pursuant to 28 U.S.C. § 2254 (Docket #1) be denied and this case dismissed with prejudice.

### Factual and Procedural Background

As set forth by the Magistrate Judge, the factual and procedural history of this case is as follows:

> The State appellate court's factual findings shall be presumed correct; a petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1) ; *see Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001). The Medina County Court of Appeals, Ninth Appellate District, found the facts of the underlying offenses to be as follows, in pertinent part:

> On February 2, 2005, the Medina County Grand Jury indicted Defendant on one count of pandering sexually oriented matter involving a minor (F-4), in violation of R.C. 2907.322(A)(5); two counts of rape with a victim under the age of 13 years (F-1), in violation of R.C. 2907.02(A)(1)(b); one count of unlawful conduct with a minor (F-3), in violation of R.C. 2907.04(A)(B)(3); and 16 counts of pandering sexually oriented matter (F-2), in violation of filed, ut was later dismissed as being duplicative. After several unsuccessful defense motions, including motions to suppress and motions to dismiss, Defendant pled no contest to the indictment and was sentenced to 14 years in prison. Defendant timely appealed his conviction and sentence, raising nine assignments of error for review.

ECF No. 10-4, Ex. 28.

In his timely filed direct appeal of his convictions, Mansfield raised the following nine assignments of error:

> I. The trial court improperly denied the motion to suppress the admission of evidence obtained through search warrant on residence because search warrant as demonstrated at hearing was unsupported by probable cause and obtained items not specified or connected to a criminal nexus; and improperly denied suppression of computer cd that was read and obtained from appellant's residence as there was no proper search warrant authorizing same absent a proper search warrant.
>
> II. The trial court improperly denied the motion to suppress the e-mail dated January 12, 2005, between 11:56 a.m. and 12:35 p.m. as well as to dismiss counts 5 through 21 of the indictment.
>
> III. The trial court improperly denied the motion to dismiss the oral statements given by defendant in the captioned matter as defendant was not properly advised of his *Miranda* rights nor did he waive the *Miranda* rights.
>
> IV. The trial court improperly denied the defendant's motion to suppress the evidence obtained from the computer pursuant to search warrant as the search warrant was not signed by the affiant, Detective Foraker.
>
> V. The trial court erred because it denied the motion to dismiss due to the government's actions and position against proposed expert Dean Boland and their current position on his testimony in court.
>
> VI. The trial court improperly denied the defense's effort to establish Dean Boland as an expert in the captioned matter because the charge warrants an

> expert to establish if or not the State can prove the necessary element of the child being actual children in pornography.
>
> VII. The trial court improperly denied the motion to dismiss the indictments against Appellant regarding the alleged pornographic computer video streams concerning minor evidence against Appellant as he was unable to determine the actual video streams contained actual minors.
>
> VIII. The trial court erred because it failed to stay the proceedings or grant the continuance of defense or granting the defendant's request for a dismissal in the captioned matter because a case of similar kinds of images, was stayed in this court, by the prosecutors office, because a decision had been issued out of a different jurisdiction that concerned child pornography questions involving children and establishing that children were actual children on the videos which was appealed to the Ohio Supreme Court, and this prosecutors office in that case asked that the case be stayed pending resolution of that sister appellate district case's resolutions in the Ohio Supreme Court.
>
> IX. The trial court improperly sentenced appellant to fourteen (14) years because that sentence violated the mandates of *State v. Foster*, as the sentence relies upon R.C. 2929.14(E)(4), the requisite factual findings for consecutive sentences have been deemed unconstitutional.

ECF 10-4, Ex. 26. On January 29, 2007, the appellate court affirmed Mansfield's convictions. ECF 10-4, Ex. 28.

On March 15, 2007, Mansfield timely appealed that ruling to the Ohio Supreme Court, alleging three propositions of law:

> **Proposition of Law No. I:** A trial court that imposes a sentence by using factors which are not found by a jury or admitted by the defendant violates that defendant's rights to due process and a jury trial under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.
>
> **Proposition of Law No. II:** A defendant is denied effective assistance of trial counsel when trial counsel fails to raise an adequate objection to the imposition of an illegal sentence, thus abrogating that defendant's right to properly raise that issue on appeal.
>
> **Proposition of Law No. III:** An appellant is denied effective assistance of appellate counsel when the appellant has the same counsel for trial and on appeal, thereby precluding the appellant from raising meritorious arguments on appeal.

ECF 10-4, Ex. 30. On June 20, 2007, the Supreme Court of Ohio accepted only Proposition of Law No. I for discretionary review, and held in abeyance its decision on that issue pending the outcome of another case pending before the Supreme Court of Ohio. *State v. Payne*, Ninth Appellate District Case No. 05AP-517, 2006 Ohio 2552 (Franklin Cnty. 2006). ECF 10-1. After a decision was issued in *State v. Payne*, 114 Ohio St.3d 502, 873 N.E.2d 306 (2007), the Supreme Court of Ohio affirmed the court of appeals decision on Proposition of Law No. I in this case. ECF 10-2. No further appeal was taken.

On December 30, 2008, Petitioner filed this petition for writ of habeas corpus challenging his convictions alleging the following five claims for relief:

**A. GROUND ONE:** Illegal search and seizure in violation of the Fourth Amendment.

**B. GROUND TWO:** The defendant's right to remain silent, right to counsel and *Miranda* rights were violated when he did not give a voluntary, knowing statement after being informed of his rights mentioned above.

**C. GROUND THREE:** Petitioner denied due process-fair trial.

**D. GROUND FOUR:** Petitioner was sentenced with the trial court making findings of fact that increased his sentence beyond that authorized by statutory maximum, when the facts were not admitted to by the defendant, nor were they included within the indictment, and not left to a jury, violating the petitioner's right to a jury, 5, 6, 14 Amendment violation.

**E. GROUND FIVE:** Petitioner was denied effective assistance of appellate counsel when counsel failed to raise as assignment of error ineffective assistance of trial counsel for failing to object to impermissible fact finding.

On December 2, 2010, Magistrate Judge Pearson issued her Report and Recommendation, recommending that the Petition for Writ of Habeas Corpus filed by Petitioner pursuant to 28 U.S.C. § 2254 be denied and the Petition be dismissed with prejudice. No objections to the Report and Recommendation were filed.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable standard of review for a magistrate judge's report and recommendation

-4-

depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b) states:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

## Conclusion

The Magistrate Judge thoroughly analyzed each claim for relief presented by Petitioner in this case, as well as the arguments raised by Respondent and the applicable statutory and case law. After a careful evaluation of the record, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own. For the reasons stated therein, the Report and Recommendation (Docket #16) is hereby ADOPTED in its entirety. Petitioner's First

through Fourth Grounds for Relief are procedurally barred and his Fifth Ground for Relief is without merit. The Petition for Writ of Habeas Corpus filed by Richard Mansfield, pursuant to 28 U.S.C. § 2254, is hereby DENIED and this case is DISMISSED WITH PREJUDICE.

### Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner

must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further. Further, to the extent that Petitioner's claims were also rejected on the merits, reasonable jurists could not find the assessment of Petitioner's constitutional claims to be debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: January 26, 2011